# UNITED STATES DISTRICT COURT

for the

Southern District of Florida

| | | |
|---|---|---|
| In re Application of<br><br>STOCKBRIDGE FUND, L.P., et al.<br><br>Petitioner, for an Order Pursuant to 28 U.S.C. § 1782 to Conduct Discovery for Use in a Foreign Proceeding. | )<br>)<br>)<br>)<br>)<br>) | Case No. 18-mc- |

## SUBPOENA TO TESTIFY AT A DEPOSITION IN A CIVIL ACTION

To: Affiliated Managers Group, Inc.
777 South Flagler Dr., West Palm Beach, FL, 33401

*(Name of person to whom this subpoena is directed)*

☑ *Testimony:* **YOU ARE COMMANDED** to appear at the time, date, and place set forth below to testify at a deposition to be taken in this civil action. If you are an organization, you must designate one or more officers, directors, or managing agents, or designate other persons who consent to testify on your behalf about the following matters, or those set forth in an attachment:
See Schedule B hereto

| Place: Nelson Mullins Broad and Cassel<br>One Biscayne Tower; 2 South Biscayne Blvd.<br>Miami, FL 33131 | Date and Time:<br>11/15/2018 10:00 am |
|---|---|

The deposition will be recorded by this method: Stenography and videography

☑ *Production:* You, or your representatives, must also bring with you to the deposition the following documents, electronically stored information, or objects, and must permit inspection, copying, testing, or sampling of the material: Within 14 days from service of this Subpoena, you shall produce to the undersigned counsel, all documents and things that are responsive to the requests set forth in Schedule A hereto in accordance with the definiitons and instructions therein.

The following provisions of Fed. R. Civ. P. 45 are attached – Rule 45(c), relating to the place of compliance; Rule 45(d), relating to your protection as a person subject to a subpoena; and Rule 45(e) and (g), relating to your duty to respond to this subpoena and the potential consequences of not doing so.

Date: 10/18/2018

*CLERK OF COURT*

OR

/s/ Jonathan Etra

*Signature of Clerk or Deputy Clerk* — *Attorney's signature*

The name, address, e-mail address, and telephone number of the attorney representing *(name of party)* STOCKBRIDGE FUND, L.P., et al. , who issues or requests this subpoena, are:

Jonathan Etra, jonathan.etra@nelsonmullins.com, Nelson Mullins Broad & Cassel, One Biscayne Tower, 2 South Biscayne Blvd., Miami, FL 33131; tel: 305-373-9400

**Notice to the person who issues or requests this subpoena**

If this subpoena commands the production of documents, electronically stored information, or tangible things before trial, a notice and a copy of the subpoena must be served on each party in this case before it is served on the person to whom it is directed. Fed. R. Civ. P. 45(a)(4).

Civil Action No.

## PROOF OF SERVICE

***(This section should not be filed with the court unless required by Fed. R. Civ. P. 45.)***

I received this subpoena for *(name of individual and title, if any)* ______________________
on *(date)* ____________ .

❐ I served the subpoena by delivering a copy to the named individual as follows: ____________
______________________________________________________
______________________________________ on *(date)* ____________ ; or

❐ I returned the subpoena unexecuted because: ______________________________
______________________________________________________ .

Unless the subpoena was issued on behalf of the United States, or one of its officers or agents, I have also tendered to the witness the fees for one day's attendance, and the mileage allowed by law, in the amount of
$ ____________ .

My fees are $ ____________ for travel and $ ____________ for services, for a total of $ 0.00 .

I declare under penalty of perjury that this information is true.

Date: ____________

______________________________
*Server's signature*

______________________________
*Printed name and title*

______________________________
*Server's address*

Additional information regarding attempted service, etc.:

Print | Save As... | Add Attachment | Reset

## Federal Rule of Civil Procedure 45 (c), (d), (e), and (g) (Effective 12/1/13)

**(c) Place of Compliance.**

**(1) *For a Trial, Hearing, or Deposition.*** A subpoena may command a person to attend a trial, hearing, or deposition only as follows:
**(A)** within 100 miles of where the person resides, is employed, or regularly transacts business in person; or
**(B)** within the state where the person resides, is employed, or regularly transacts business in person, if the person
**(i)** is a party or a party's officer; or
**(ii)** is commanded to attend a trial and would not incur substantial expense.

**(2) *For Other Discovery.*** A subpoena may command:
**(A)** production of documents, electronically stored information, or tangible things at a place within 100 miles of where the person resides, is employed, or regularly transacts business in person; and
**(B)** inspection of premises at the premises to be inspected.

**(d) Protecting a Person Subject to a Subpoena; Enforcement.**

**(1) *Avoiding Undue Burden or Expense; Sanctions.*** A party or attorney responsible for issuing and serving a subpoena must take reasonable steps to avoid imposing undue burden or expense on a person subject to the subpoena. The court for the district where compliance is required must enforce this duty and impose an appropriate sanction—which may include lost earnings and reasonable attorney's fees—on a party or attorney who fails to comply.

**(2) *Command to Produce Materials or Permit Inspection.***
**(A)** *Appearance Not Required.* A person commanded to produce documents, electronically stored information, or tangible things, or to permit the inspection of premises, need not appear in person at the place of production or inspection unless also commanded to appear for a deposition, hearing, or trial.
**(B)** *Objections.* A person commanded to produce documents or tangible things or to permit inspection may serve on the party or attorney designated in the subpoena a written objection to inspecting, copying, testing, or sampling any or all of the materials or to inspecting the premises—or to producing electronically stored information in the form or forms requested. The objection must be served before the earlier of the time specified for compliance or 14 days after the subpoena is served. If an objection is made, the following rules apply:
**(i)** At any time, on notice to the commanded person, the serving party may move the court for the district where compliance is required for an order compelling production or inspection.
**(ii)** These acts may be required only as directed in the order, and the order must protect a person who is neither a party nor a party's officer from significant expense resulting from compliance.

**(3) *Quashing or Modifying a Subpoena.***

**(A)** *When Required.* On timely motion, the court for the district where compliance is required must quash or modify a subpoena that:

**(i)** fails to allow a reasonable time to comply;
**(ii)** requires a person to comply beyond the geographical limits specified in Rule 45(c);
**(iii)** requires disclosure of privileged or other protected matter, if no exception or waiver applies; or
**(iv)** subjects a person to undue burden.
**(B)** *When Permitted.* To protect a person subject to or affected by a subpoena, the court for the district where compliance is required may, on motion, quash or modify the subpoena if it requires:
**(i)** disclosing a trade secret or other confidential research, development, or commercial information; or
**(ii)** disclosing an unretained expert's opinion or information that does not describe specific occurrences in dispute and results from the expert's study that was not requested by a party.
**(C)** *Specifying Conditions as an Alternative.* In the circumstances described in Rule 45(d)(3)(B), the court may, instead of quashing or modifying a subpoena, order appearance or production under specified conditions if the serving party:
**(i)** shows a substantial need for the testimony or material that cannot be otherwise met without undue hardship; and
**(ii)** ensures that the subpoenaed person will be reasonably compensated.

**(e) Duties in Responding to a Subpoena.**

**(1) *Producing Documents or Electronically Stored Information.*** These procedures apply to producing documents or electronically stored information:
**(A)** *Documents.* A person responding to a subpoena to produce documents must produce them as they are kept in the ordinary course of business or must organize and label them to correspond to the categories in the demand.
**(B)** *Form for Producing Electronically Stored Information Not Specified.* If a subpoena does not specify a form for producing electronically stored information, the person responding must produce it in a form or forms in which it is ordinarily maintained or in a reasonably usable form or forms.
**(C)** *Electronically Stored Information Produced in Only One Form.* The person responding need not produce the same electronically stored information in more than one form.
**(D)** *Inaccessible Electronically Stored Information.* The person responding need not provide discovery of electronically stored information from sources that the person identifies as not reasonably accessible because of undue burden or cost. On motion to compel discovery or for a protective order, the person responding must show that the information is not reasonably accessible because of undue burden or cost. If that showing is made, the court may nonetheless order discovery from such sources if the requesting party shows good cause, considering the limitations of Rule 26(b)(2)(C). The court may specify conditions for the discovery.

**(2) *Claiming Privilege or Protection.***
**(A)** *Information Withheld.* A person withholding subpoenaed information under a claim that it is privileged or subject to protection as trial-preparation material must:
**(i)** expressly make the claim; and
**(ii)** describe the nature of the withheld documents, communications, or tangible things in a manner that, without revealing information itself privileged or protected, will enable the parties to assess the claim.
**(B)** *Information Produced.* If information produced in response to a subpoena is subject to a claim of privilege or of protection as trial-preparation material, the person making the claim may notify any party that received the information of the claim and the basis for it. After being notified, a party must promptly return, sequester, or destroy the specified information and any copies it has; must not use or disclose the information until the claim is resolved; must take reasonable steps to retrieve the information if the party disclosed it before being notified; and may promptly present the information under seal to the court for the district where compliance is required for a determination of the claim. The person who produced the information must preserve the information until the claim is resolved.

**(g) Contempt.**
The court for the district where compliance is required—and also, after a motion is transferred, the issuing court—may hold in contempt a person who, having been served, fails without adequate excuse to obey the subpoena or an order related to it.

For access to subpoena materials, see Fed. R. Civ. P. 45(a) Committee Note (2013).

# SCHEDULE A

## DEFINITIONS

a. "Baring" shall mean Baring Private Equity Asia Group, Ltd., and its parents, subsidiaries, affiliates, and other entities under its control and each of its employees, directors, officers, agents, attorneys, accountants, investigators, representatives, and any other person or entity acting on its behalf or subject to its control.

b. "Company" shall mean Nord Anglia Education, Inc., and its parents, subsidiaries, affiliates, and other entities under its control and each of its employees, directors, officers, agents, attorneys, accountants, investigators, representatives, and any other person or entity acting on its behalf or subject to its control.

c. "Concerning" shall mean relating to, referring to, describing, evidencing, reflecting, memorializing, or constituting any subject matter, including documents relating to, referring to, describing, evidencing, memorializing or constituting communications regarding that subject matter.

d. "Documents" shall have the following meaning set forth in Fed. Rule Civ. Pro. 34(a)(1): "documents or electronically stored information – including writings as defined in Fed. Rule of Evid. 1001(1), drawings, graphs, charts, photographs, sound recordings, images, and other data or data compilations – stored in any medium from which information can be obtained either directly or, if necessary, after translation by the responding party into a reasonably usable form." The term "Documents" shall include, without limitation, all originals, duplicates, and drafts of each such Documents, as well as Documents that are electronically stored on backup tapes, and is meant to include all Documents in your possession, custody or control, whether the Documents were compiled by you or by any other person for any reason whatsoever.

e. "Including" shall mean including, without limitation, the specific matter, documents or electronically stored information described.

f. "Internal" shall mean internal to You, *i.e.* "Internal Communications" are Communications between or among employees or other persons affiliated with You.

g. "You" and "Your" shall mean Affiliated Managers Group, Inc. and its parents, subsidiaries, affiliates, and other entities under its control and each of its employees, directors, officers, agents, corporate parent, subsidiaries, affiliates, attorneys, accountants, investigators, representatives, and any other person or entity acting on its behalf or subject to its control.

**INSTRUCTIONS**

1. These document demands are intended to and do cover all documents in your possession, custody or control or in the possession, custody or control of your predecessors, successors, parents, subsidiaries, divisions, or affiliates, or any of your directors, officers, managing agents, employees, attorneys, accountants, or other representatives. These document demands also are intended to and do cover any and all documents you are authorized or have the practical ability to retrieve.

2. Each request for a document contemplates production of the document or electronically stored information in its entirety, without abbreviation or expurgation.

3. Documents or electronically stored information provided shall be complete and, unless privileged, unredacted, submitted as found (*e.g.*, documents that in their original condition were stapled, clipped or otherwise fastened shall be produced in such form). To the extent any responsive document is attached to another document through manual or electronic (*e.g.*, e-mail) means, both the responsive document and any attachment(s) should be produced. To the extent only a portion of a document or electronically stored information is privileged, the non-privileged portion should be produced and any redactions should be clearly marked.

4. Electronically stored information ("ESI") should be produced in the following format: Single Page TIFFs, Document level text files (text-searchable), Native Files, .DAT with standard Concordance delimiters (should contain the path to native files and text files), .OPT image load file (should contain the page count and volume path). Such ESI includes, but is not limited to, electronic mail, documents created with word processing software such as Microsoft Word, pictures, audio and video recordings, and documents in Portable Document Format ("PDF").

5. With respect to any documents that are withheld, whether under claim of privilege or otherwise, provide all information regarding the asserted privilege and the materials being withheld. Privileged attachments should be listed separately. Non-privileged attachments should be produced.

6. If no documents exist that are responsive to a particular request, please so state in writing.

7. These demands require production of copies of all electronically stored information in native electronic format, including production of all metadata.

8. No part of a request may be left unanswered, or documents and things not produced, merely because an objection is interposed as to any other part of a request. Where an objection is made to any request, or subpart thereof, the objection must state with specificity all grounds and must state whether any responsive materials are being withheld on the basis of that objection. All objections to the production of documents, information, or other things requested herein must be made in writing and delivered to counsel of record for the Petitioners.

9. This Subpoena is deemed continuing in nature and you are obliged to produce responsive documents and to supplement your production whenever additional documents are located or their existence ascertained.

10. Unless otherwise specified, each request pertains to the period of December 1, 2015 through November 9, 2017.

## DOCUMENT REQUESTS

1. All Internal communications and documents created by You concerning the Company.

2. All documents and communications exchanged between You and Baring concerning the Company.

3. All documents and communications concerning valuation reports, fairness opinions, appraisals, analyses, reviews, discounted cash flow or other comparable companies analysis, or other documents concerning the value, market value, book value or fair value of the Company, its stock, and/or any of the Company's assets or businesses created by You, created by Baring, or provided by Baring.

4. All documents and communications concerning any forecast of the Company's future performance, including but not limited to cash flow projection created by You, created by Baring, or provided by Baring.

## SCHEDULE B

## DEPOSITION TOPICS

The Definitions in Schedule A are incorporated herein by reference. You shall testify concerning:

1. All documents produced by you in response to this Subpoena and the method by which such documents were identified, collected, and reviewed for production.

2. Your analysis and review of any financial projections or plans concerning the Company.

3. Your preparation or review of any valuation reports, fairness opinions, appraisals, analyses, reviews or other documents concerning the value, market value, book value or fair value of the Company, its stock, and/or any of the Company's assets or businesses, including any assumptions underlying all analyses, opinions, or projections concerning the Company.