**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF FLORIDA**

Case No. 18-mc-______

In re Application of

STOCKBRIDGE FUND, L.P.; STOCKBRIDGE ABSOLUTE RETURN FUND; OME HOLDINGS LLC; PEMBROKE WAY LLC; STANDISH ROAD LLC; QUADRE INVESTMENTS, L.P.; TABLET HOLDINGS, LLC,

Petitioners, for an Order Pursuant to 28 U.S.C. § 1782 to Conduct Discovery for Use in a Foreign Proceeding.

**[PROPOSED] ORDER GRANTING PETITIONER'S APPLICATION FOR AN EXPEDITED ORDER OF JUDICIAL ASSISTANCE PURSUANT TO 28 U.S.C. § 1782**

WHEREAS, on October 18, 2018, petitioners, Stockbridge Fund, L.P., Stockbridge Absolute Return Fund, OME Holdings LLC, Pembroke Way LLC, Standish Road LLC, Quadre Investments, L.P., and Tablet Holdings, LLC ("Petitioners") filed an Application For Judicial Assistance Pursuant to 28 U.S.C. § 1782 for discovery (the "Application").

The Court has considered the Application, the evidence and arguments presented, and sufficient reason appearing, and finds as follows:

Petitioners have met the requirements under 28 U.S.C. § 1782 for granting the requested judicial assistance and relief.

For purposes of the Application, the Respondent resides or is found in the Southern District of Florida.

The discovery sought through this Application is for use in a pending foreign proceeding.

Petitioners, in their capacity as party litigants, are interested persons within the meaning of the statute.

The discretionary factors described by the United States Supreme Court in *Intel Corp. v. Advanced Micro Devices, Inc.*, 542 U.S. 241 (2004), weigh in favor of granting the requested assistance. The requested discovery appears not to be obtainable through an order from the foreign court, there is no indication that the foreign court would not be receptive to U.S. federal court judicial assistance as requested in the Application, the Application does not conceal an attempt to circumvent foreign proof-gathering restrictions, and the Application seeks necessary discovery that is not unduly intrusive or burdensome as the evidentiary requests are narrowly tailored both substantively and temporally.

Accordingly, it is hereby ORDERED that:

1. The Application is GRANTED.

2. Petitioners are granted leave to serve a subpoena in substantially similar form as the form attached to the Application is GRANTED.

3. Respondent is directed to filed any objections it may have to the subpoena within 7 days from the date it is served with the subpoena. In the event that no objections are filed, Respondent is directed to produce the documents sought by the subpoena within 14 days of the date the subpoena is served upon it, and sit for deposition within 28 days of the date that the subpoena is served. In the event that Respondent files an objection, the parties shall appear before this Court on ________________, 2018 or as soon thereafter as counsel can be heard, as to why an order should not be issued in favor of Petitioners, (i) granting Petitioners leave to serve the subpoena on Respondent, and (ii) directing Respondent to produce documents responsive to

the Requests within 14 days of the date of the Court's order, and sit for deposition within 21 days of the date of the Court's order.

4. Petitioners are further granted authorization to issue and serve such additional follow-up subpoenas on Respondent or its employee as may be necessary to obtain the documentary and testimonial evidence for use in the foreign proceedings, as described in the Application.

5. The Court shall retain jurisdiction over this matter for the purpose of enforcing this Order and assessing any supplemental request for discovery assistance that may be requested by Petitioners.

**IT IS SO ORDERED.**

Dated: West Palm Beach, Florida
_______________ __, 2018

______________________________
United States District Judge