**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF FLORIDA**
**MIAMI DIVISION**

**CASE NO. 18-24312-MC-COOKE/GOODMAN**

IN RE *EX PARTE* APPLICATION OF
STOCKBRIDGE FUND, L.P.,
STOCKBRIDGE ABSOLUTE RETURN FUND,
OME HOLDINGS LLC, PEMBROKE WAY LLC,
STANDISH ROAD LLC, QUADRE INVESTMENTS, L.P.,
TABLET HOLDINGS, LLC, PURSUANT TO 28 U.S.C.
§ 1782 FOR ORDER TO OBTAIN DISCOVERY
FOR USE IN A FOREIGN PROCEEDING.
______________________________________________/

**STIPULATED PROTECTIVE ORDER**[1]

Stockbridge Fund, L.P.; Stockbridge Absolute Return Fund; OME Holdings LLC; Pembroke Way LLC; Standish Road LLC; Quadre Investments, L.P.; and Tablet Holdings, LLC ("Petitioners") and Affiliated Manager Group, Inc. ("Respondent") filed a stipulation requesting that the Undersigned enter a stipulated protective order under Federal Rule of Civil Procedure 26(c) for the protection of confidential information that the parties may produce or otherwise disclose during this litigation. [ECF No. 35]. Based on the parties' stipulation, the Undersigned **orders** as follows:

This above-captioned action is likely to involve the request for and exchange of trade secrets, valuable research, development, commercial, financial, technical and/or

[1] The Undersigned modified the proposed stipulated protective order, particularly in numbered paragraphs 4, 7, and 14.

proprietary information thereby necessitating special protection from public disclosure and from use for any purpose other than prosecution of (1) the appraisal action entitled *In the Matter of the Companies Law (2016 Revision) and in the Matter of Nord Anglia Education, Inc.*, Cause No. FSD 235 of 2017 (the "Appraisal Proceeding") pending before the Grand Court of the Cayman Islands, Financial Services Division (the "Cayman Court") and (2) this action for which an order under 28 U.S.C. § 1782 was issued (the "1782 Action") (the Appraisal Proceeding together with the "1782 Action collectively referred to as the "Actions").

Such confidential and proprietary materials and information of Respondent consist of, among other things: trade secrets, confidential business, client, commercial or financial information; information regarding confidential business practices; information regarding confidential research, development, or commercial information (including confidential financial information of a non-party); financial statements; financial or business plans and strategies; projections or analyses for future or prior periods; tax data; business and marketing plans and strategies; assets and liabilities; proposed strategic transactions or acquisitions, strategic alternatives, or business combinations; other personally or commercially sensitive or proprietary information of Respondent; information otherwise generally unavailable to the public, or which may be privileged or otherwise protected from disclosure under state or federal statutes, court rules, case decisions, or common law.

The Petitioners further agree and hereby affirm that the parties to the Appraisal Proceeding (as well as their counsel and valuation experts appointed by the parties to the

Appraisal Proceeding and the persons supporting them) are bound by (i) the Confidentiality and Non-Disclosure Agreement entered into in the Appraisal Proceeding (the "NDA"), pursuant to which the parties to the Appraisal Proceeding agree to use documents or information disclosed in the Appraisal Proceeding solely for the purposes of the Appraisal Proceeding, and (ii) the implied undertaking, pursuant to which the parties to the Appraisal Proceeding are required to keep confidential all information disclosed therein (including pursuant to Order 24, rule 22 of Cayman's Grand Court Rules which provides that "[a]ny undertaking, whether expressed or implied, not to use a document or transcript for any purposes other than the proceedings in which it is disclosed or made shall cease to apply to such document or transcript after it has been read to or by the Court, or referred to in open Court, unless the Court for special reasons has otherwise ordered on the application of a party or of the person to whom the document belongs or by whom the oral evidence was given"), both of which govern disclosure in the Appraisal Proceeding. Accordingly: (i) to expedite the flow of information, (ii) to facilitate the prompt resolution of disputes over confidentiality of discovery materials, (iii) to adequately protect information the Parties are entitled to keep confidential, (iv) to ensure that the Parties are permitted reasonable necessary uses of such material in preparation for and in the conduct of the trial in the Appraisal Proceeding, (v) to address their handling at the end of the Appraisal Proceeding, and (vi) serve the ends of justice, a protective order for such information is justified in this matter.

This Order shall direct the handling of documents, depositions, deposition exhibits, information or things disclosed or produced in response to requests for production of documents, and any other information or material that is produced, given, or exchanged by or among the parties and any non-parties, whether by formal process, agreement, or otherwise, in connection with the Actions. Petitioners agree, pursuant to Exhibit A, to be subjected to the continuing jurisdiction of this Court for purposes of assessing compliance, punishing non-compliance, and adjudicating any claims for damages, reimbursement or other sanctions to the benefit of Respondent.

Petitioners or Respondent may designate information, documents, or things as confidential under the following terms and conditions:

1. In connection with discovery furnished by Respondent (or any of their present and former directors, officers, employees, and agents) in this 1782 Action, any Party may designate any document, information or deposition testimony as "Confidential" under this Order if that Party in good faith believes that the designation is appropriate because the document contains or reflects trade secrets or other confidential research and development, financial, or commercial information, or personal information regarding individuals as described above. Documents, information and testimony designated as "Confidential" shall be limited to documents that have not been made public and that the disclosing party in good faith believes will, if disclosed, have the effect of causing harm to its business or competitive position or the personal privacy of the individual disclosing it.

2. Any documents to be designated as "Confidential" may be so designated by labeling the documents with the term "Confidential" prior to their disclosure. Similarly, documents or information produced on DVD, CD, or other media may be designated as "Confidential" by labeling the media on which the documents or information are contained as "Confidential" or placing the electronic file in a folder labeled "Confidential." Labeling the cover of any multi-page document as "Confidential" shall so designate all pages of the document unless otherwise indicated by the designating party. Deposition testimony may be designated as "confidential" at the time of the deposition by stating on the record during the deposition that all or part of the deposition should be so treated. Alternatively, within four weeks of receiving a deposition transcript, Respondent may designate any or all portions of it as "Confidential" by written notice served on the opposing party identifying the specific passages, pages or lines that are to be afforded "Confidential" treatment. During the four-week period following receipt, the deposition transcript shall be treated as "Confidential" unless otherwise agreed to by the parties. The term "document" as used throughout this Order includes any deposition transcript.

3. The production by any party of any "Confidential" documents during this 1782 Action without a "Confidential" designation shall be without prejudice to any claim that such material should be treated as "Confidential" and such party shall not be held to have waived any rights by such production or disclosure. In the event that such production occurs, counsel for the producing party may designate the documents as "Confidential."

The receiving party shall afford confidential treatment and preserve the confidential nature of such documents or material and to obtain compliance with this Order from any person to whom such documents or material were disclosed.

4. In the event that any Petitioner objects to the designation of any Respondent documents as "Confidential," any Petitioner may serve written notice on all parties specifying which documents it believes are improperly designated. Within seven days following receipt of such notice, the Parties shall confer in an effort to resolve the objections. If the dispute is not resolved, the Parties will follow the procedures set forth in Local Civil Rule 26.1(g) and the Undersigned's Discovery Procedures Order [ECF No. 33] to resolve whether the documents should be treated as "Confidential." The specified documents shall continue to be treated as "Confidential" pending resolution of the dispute by the Court. The Party challenging a "Confidential" designation shall have the burden to establish that the document, information or deposition transcript does not qualify as "Confidential."

5. Documents designated as "Confidential" (including any "Confidential" information contained therein or any "Confidential" information that is utilized or placed in another document) may be disclosed or made available by the receiving party only to the following:

(a) this Court and its staff, including court reporters and translators;

(b) the Cayman Court and its staff, including court reporters and translators;

(c) attorneys of record, assisting U.S. counsel, and in-house attorneys in the Actions, as well as the lawyers, paralegals, and clerical and secretarial staff employed by and working for such attorneys;

(d) the Parties and the officers, directors, in-house attorneys, or employees of the parties who are actively involved in the Actions or who are otherwise necessary to aid the Attorneys of record or assisting U.S. counsel in the Actions;

(e) court reporters transcribing depositions in the Actions;

(f) any deposition, trial, or hearing witness in the Actions, so long as the witness executes the form attached hereto as Exhibit A with the parties acknowledging that any professional vendor that has previously signed the NDA in the Appraisal Proceeding need not separately sign Exhibit A hereto);

(g) any expert witness or consultant, which terms shall mean a person who has been retained by a party to the Appraisal Proceeding in good faith to serve as an expert witness or consultant (whether or not retained to testify at trial) in connection with the Actions, including any person working directly under the supervision of any such expert witness or consultant;

(h) any other persons to whom the parties all agree in writing and who executes the form attached hereto as Exhibit A.

Nothing contained herein is intended to prevent either party from using "Confidential" documents or information at a hearing or trial in this matter; however, the

Parties shall take steps at the appropriate time to protect the confidential nature of the information and the use and treatment of such information will be addressed by separate order.

6. Documents designated as "Confidential" and the information contained therein must not be disclosed to any person except in accordance with this Order and shall be used or disclosed solely for purposes of the Actions, including any appeals, and not for any business, personal, or other purpose whatsoever. A party receiving confidential documents and/or information must (i) maintain such information in confidence using the same degree of care that it would use in safeguarding its own confidential or proprietary information and/or that of its employer(s), but in no event less than a reasonable degree of care, (ii) use such confidential information only for the purposes described herein, and (iii) prevent the disclosure of such information to third parties subject to the provisions and exceptions of this Order.

7. In the event a party seeks to file any document designated as Confidential in accordance with the terms of this Order with the Cayman Court or this Court, that party must take appropriate action to ensure that the document receives proper protection from public disclosure including: (i) filing a redacted document with the consent of the party who designated the document as confidential, (ii) submitting the document solely for in camera review where appropriate (e.g., in relation to discovery and evidentiary motions), or (iii) seeking permission to file the document under seal pursuant to Local Rule 5.4 by

filing a motion for leave to file under seal when the preceding measures are inadequate. However, the parties' determination that any documents are to be sealed is not binding on the Court. No provisions within this Order are to be construed as to supersede the requirements and procedures in S.D. Fla. L.R. 5.4. Submissions filed with the Clerk's office are presumptively open and accessible to the public. A party seeking to file material under seal shall have the burden of demonstrating why sealing is necessary -- especially if the material is filed in connection with a request for a substantive ruling, like a summary judgment motion.

8. Unless otherwise agreed or ordered, all provisions of this Order will remain in effect and continue to be binding after the conclusion of this 1782 Action. The Court's jurisdiction to enforce the provisions of this Order will terminate on the final disposition of the Actions and after Petitioners have fully complied with paragraph 9 of this Order by returning or destroying all documents produced by Respondent. But a party may file a motion to seek leave to reopen the case to enforce the provisions of this Order.

9. Petitioners and their counsel shall return to Respondent's counsel of record in the 1782 Action or destroy all Confidential documents and information produced in this 1782 Action and all copies thereof that are within the possession, custody or control of Petitioners, their counsel, agents, expert witnesses or consultants or representatives, within thirty days after the Appraisal Proceeding concludes by settlement, final judgment, or final order, including all appeals. Upon request, Petitioners shall provide a written verification,

under penalty of perjury, that all such documents have been destroyed, when such documents were destroyed, and by what method. Upon request, Petitioners and their counsel shall certify to Respondent's counsel that each party who executed Exhibit A and had access to Respondent's documents have returned or destroyed all copies in their possession, custody or control. Each counsel of record for the receiving party may retain only one archival copy of deposition exhibits, exhibits used in proceedings before the Court, documents included in submissions to the Court, and "Confidential" information to the extent it is included in such papers or reflected in that counsel's work product. In addition, within the same thirty-day period, any documents filed with the Court under seal shall be destroyed, which will be preceded by an *ex parte* motion filed promptly by Petitioners.

10. At no time and under no circumstances may Petitioners, or their counsel, agents, expert witnesses or consultants or other representatives disclose to or otherwise share with any third party, Respondent's documents designated as Confidential, unless specifically provided for in this Order and directly in furtherance of the Appraisal Proceeding. If any Petitioner or their counsel, agents, expert witnesses or consultants or other representatives are served with a subpoena issued in other litigation that compels the disclosure of any information or items designated in this action as "Confidential," that party must (i) promptly notify Respondent in writing and such notification shall include a copy of the subpoena, (ii) promptly notify in writing the party who caused the subpoena to issue in the other litigation that some or all of the material covered by the subpoena is

subject to this Order and such notification shall include a copy of this Order, and (iii) cooperate with respect to all reasonable procedures sought to be pursued by the designating party whose protected material may be affected. During the pendency of the Court's consideration of a protective order against production in response to the subpoena, no documents designated as "Confidential" shall be produced unless otherwise agreed to by the designating party. Nothing in this Order shall be construed as authorizing a party to disobey a lawful subpoena issued in other litigation.

11. The Parties acknowledge that the producing party's documents will be uploaded to an electronic data room which was set up solely for the purpose of housing all documents that are produced in connection with the Appraisal Proceeding (the "Data Room"). Petitioners represent and warrant that access to the Data Room is restricted to counsel for the parties to the Appraisal Proceeding, the valuation experts appointed by the parties to the Appraisal Proceeding and the persons supporting them, and employees of the dissenting shareholders in the Appraisal Proceeding.

12. The inadvertent disclosure or production of any document or information that is subject to a claim of attorney-client privilege, work-product protection, or any other ground on which the production of such information should not be made to a party will in no way prejudice or otherwise constitute a waiver of, or estoppel as to, such claim of privilege, work product protection, or other ground for withholding production to which the producing party would otherwise be entitled. Any and all facially privileged or work

product materials inadvertently produced shall be returned or destroyed promptly when discovered with notice to the producing party. Any other inadvertently produced privileged or protected materials shall be promptly returned or destroyed upon the request of the producing party. Upon receiving such a request, the Petitioners must return the information or documents to Respondent's counsel, or verify destruction of same, within two business days, regardless of whether Petitioners agree with the claim of privilege and/or protection.

13. The Court may modify the terms and conditions of the Order for good cause, in the interest of justice, or on its own order at any time in these proceedings. This Order may be amended or modified only by the Court.

**DONE AND ORDERED** in Chambers, at Miami, Florida, on April 2, 2019.

Jonathan Goodman
UNITED STATES MAGISTRATE JUDGE

**Copies furnished to:**
The Honorable Marcia G. Cooke
All counsel of record

**EXHIBIT A**

1. I, ____________________________________________________________,

residing at ______________________________________________________________

have read the foregoing Stipulated Protective Order Regarding Confidentiality and Return of Documents (the "Order") in the action captioned *In re Application of Stockbridge Fund, L.P., et al. v. Affiliated Manager Group, Inc.*, 18-mc-24312-MGC/JG, pending in the United States District Court for the Southern District of Florida (the "1782 Action"). I agree to be bound by its terms with respect to any documents designated as "Confidential" that are furnished to me as set forth in the Order. I further agree to return documents to the producing party or third-party or, alternatively, destroy them in accordance with the terms of paragraph eight of that Order.

2. I hereby consent to the jurisdiction of the Court in which the 1782 Action is pending with respect to any proceedings to enforce the terms of the Order against me.

3. I hereby agree that any documents designated as "Confidential" that are furnished to me will be used by me only for the purposes of the 1782 Action or the appraisal action entitled *In the Matter of the Companies Law (2016 Revision) and in the Matter of Nord Anglia Education, Inc.*, Cause No. FSD 235 of 2017 before the Grand Court of the Cayman Islands, Financial Services Division (the "Cayman Court"), and for no other purpose, and will not be used by me in any business affairs of my employer or of my own, nor will the information contained therein be imparted by me to any other person.

4. I hereby affirm by signing this document under penalty of perjury that I have implemented and shall maintain appropriate administrative, technical and physical safeguards and other security measures necessary to maintain the confidentiality, security and integrity of Respondent Affiliated Manager Group, Inc.'s (Respondent) Confidential Information. If I learn of or suspect any theft, loss, compromise, or unauthorized or unlawful access of any Confidential Information in possession, custody or control, or the possession, custody or control of my agent, consultant, employee, expert or consulting witness, or other representative, I shall promptly notify Respondent and fully cooperate with Respondent's efforts to respond to such incident.

| | |
|---|---|
| ____________________ | ____________________________ |
| DATE | SIGNATURE |